### MORIARTY *v.* ZEPP.

*(Supreme Court, General Term, First Department.* December 31, 1891.)

NEGLIGENCE OF SERVANT—ACTION FOR DAMAGES—EVIDENCE.

In an action against a master for injuries inflicted by his servant, it appeared that plaintiff, on alighting from a horse-car, was run into by the servant, driving a horse and wagon at great speed. Plaintiff's testimony, corroborated by a disinterested witness, showed that he was without fault, which evidence was denied only by that of the servant, who testified that he was driving "very slow," that his horse was 23 years old, and that plaintiff got off the car suddenly, while it was in motion, and actually "jumped into" the aged horse. *Held,* that a judgment for plaintiff should not be disturbed.

Appeal from circuit court, New York county.

Action by Henry Moriarty against William Zepp to recover damages for personal injuries. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT and ANDREWS, JJ.

*Sutherland Tenney*, for appellant. *Edward B. La Fetra*, for respondent.

BARRETT, J. This is an ordinary action for damages occasioned to the plaintiff by the negligence of defendant's servant. The plaintiff was returning from his work on the morning of the 21st of September, 1889, when, on alighting from a Second-Avenue car, he was run into by a horse and wagon owned by the defendant, and driven by the latter's servant. The testimony was preponderating in the plaintiff's favor, and clearly established the facts —*First*, that the defendant's driver was guilty of negligence; and, *second*, that the plaintiff was entirely free from negligence. The horse and wagon were driven at great speed, and, although the plaintiff was looking about him, he was knocked down and injured before he could see them. The plaintiff's testimony to this effect was corroborated by a disinterested witness, and it is denied only by the defendant's driver, who tells us the improbable story that he was driving "very slow," that his horse was 23 years old, and that the plaintiff got off the Second-Avenue car "suddenly," while it was in motion, and actually "jumped into" his aged horse. The charge was entirely fair and accurate. No exception was taken to it, nor was any exception of any moment taken during the trial. The complaint, it is true, was ungrammatical, but what was meant is plain enough; and when the learned judge permitted it to be amended to conform to the proof, as he had a right to do, we may assume that the proof corrected the bad grammar. The appeal is frivolous, and the judgment should be affirmed, with costs. All concur.